IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PARALLEL IRON, LLC, | ) |
| | ) |
| Plaintiff/Counterclaimants, | ) |
| | ) C.A. No. 12-766-RGA |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| HITACHI DATA SYSTEMS CORPORATION | ) |
| and BLUEARC CORPORATION, | ) **PUBLIC VERSION** |
| | ) |
| Defendants/Counterdefendants. | ) |

<u>**LETTER TO THE HONORABLE RICHARD G. ANDREWS FROM DAVID E. MOORE**</u>

cc: Clerk of Court (via Hand Delivery)
    Counsel of Record (via Electronic Mail)

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

Dated: July 9, 2013
Public Version Dated: July 16, 2013
1113499 / 39125

*Attorneys for Defendants/Counterclaimants
Hitachi Data Systems Corporation and
BlueArc Corporation*



Potter
Anderson
Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**David E. Moore**
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

July 9, 2013

**VIA ELECTRONIC FILING**

The Honorable Richard G. Andrews
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

**PUBLIC VERSION**

Re:   *Parallel Iron, LLC v. Hitachi Data Systems Corp., et al.*, C.A. No. 12-766-RGA

Dear Judge Andrews:

I write on behalf of defendants Hitachi Data Systems Corporation and BlueArc Corporation (collectively, "HDS") in the above-titled matter. HDS seeks the Court's assistance in resolving a dispute between HDS and plaintiff Parallel Iron, LLC ("Parallel Iron") regarding Parallel Iron's untimely and improper service of its "Amended Disclosures Pursuant to Section 4(a) of the Delaware Default Standard for Discovery of Electronically Stored Information," served on April 15 and April 30, respectively (hereinafter, "Amended Disclosures"). Based on Parallel Iron's improper litigation conduct and strategic disregard of the Court's Scheduling Order, HDS seeks an order striking Parallel Iron's prejudicial Amended Disclosures.

**A.      Parallel Iron's Amended Disclosures Are Improper and Untimely.**

The Court's Scheduling Order (D.I. 15) sets a deadline for Parallel Iron of February 15, 2013 to inform HDS of the products that Parallel Iron actually accuses of infringement. Rather than disclose this information to HDS on the ordered date, Parallel Iron listed in its disclosure only a single product: a "pNFS" product.



The Honorable Richard G. Andrews
July 9, 2013
Page 2



**B.    The Court Should Strike Parallel Iron's Improper Amended Disclosures.**

      This is a consolidated proceeding involving thirteen different cases and defendants. With the Court trying to manage so many parties and claims, it is critical that the parties adhere to the Court's Scheduling Order. Parallel Iron, however, adheres to the Scheduling Order only according to its perception of its settlement interests. It should not be allowed to do so. Parallel Iron was fully capable of identifying the products it now accuses of infringement in a timely fashion. It chose not to do so. By first abandoning the pNFS allegation in favor of asserting the claims against other, real products, and then reverting to the pNFS allegation, Parallel Iron clearly communicated to HDS that it had no interest in those other products. By delaying its identification of the currently accused products for more than two months, Parallel Iron has placed HDS at a disadvantage in preparing its non-infringement arguments. Furthermore, Parallel Iron has created a situation in which either the schedule for HDS must be compressed to catch back up with the schedule on which the other defendants are proceeding, or the HDS schedule must be allowed to diverge from the schedule of the consolidated actions, essentially denying HDS any say in claim construction and important invalidity issues. HDS is inevitably prejudiced.

      The only fair solution to the problem Parallel Iron has created through its manipulation of the disclosure process is that the Court strike Parallel Iron's untimely Amended Disclosures. Federal Rule of Civil Procedure 16 authorizes "any just orders" to remedy abuse of a scheduling order. District courts have "very broad discretion ... to 'use sanctions where necessary' to ensure compliance with pretrial orders[.]" *See Tracinda Corp. v. DaimlerChrysler AG, et al.*, 502 F.3d 212, 242 (3d Cir. 2007). Sanctions in the form of striking Parallel Iron's improper and untimely Amended Disclosures are the appropriate remedy here.

      Striking of Parallel Iron's late disclosures is justified on other grounds as well. The disclosure of accused instrumentalities under section 4(a) can be viewed as serving the same function as either a pleading or a discovery response. Like a pleading, the disclosure frames the issues for the Court and the parties. Though leave to amend should be granted when justice so requires, it is properly refused when that is the just outcome. *See, e.g., Allen v. Prince*, C.A. No.

The Honorable Richard G. Andrews
July 9, 2013
Page 3

09-938-LPS, 2013 U.S. Dist. LEXIS 28070, at *3-4 (D. Del. Feb. 28, 2013) (leave to amend pleadings should be denied where there is undue delay, bad faith, dilatory motive, undue prejudice, etc.). The disclosure of accused products frames the issues before the Court. Where justice would not be served by permitting an amendment of the disclosure, it is properly stricken. Similarly, a Court-ordered disclosure of accused products frames the case in the same manner as a response to an interrogatory seeking the identity of the products accused. The patentee must timely supplement its response to such an interrogatory or face the risk that the information will be excluded. *See, e.g., WebXchange Inc. v. FedEx Corp.*, C.A. No. 08-133-JJF, 2010 U.S. Dist. LEXIS 4528, at *5 (D. Del. Jan. 20, 2010). Parallel Iron failed to do so.

Striking the Amended Disclosures serves the interests of justice. There is no possible excuse for Parallel Iron's untimely identification of new products. [REDACTED]

Parallel Iron's bad faith conduct will inevitably prejudice HDS. HDS's counsel has paid no attention to the products now identified by Parallel Iron's supplemental disclosures since last year, as they were, essentially, out of the case. Rather, counsel worked to prove the negative: the lack of any pNFS product. Further, with no real products accused of infringement, HDS has had little reason to consider the validity of the patents. Clearly, if Parallel Iron were permitted to continue with its case against HDS, HDS would be at a disadvantage in its preparation efforts.

Ultimately, Parallel Iron's litigation conduct demonstrates a complete disregard for the Court's efforts to manage this case. Parallel Iron's willful disregard of the Court's Scheduling Order should be remedied by striking its improper Amended Disclosures.

Respectfully,

/s/ David E. Moore

David E. Moore

DEM:nmt
1113499/39125

cc:   Clerk of Court (via Hand Delivery)
      Counsel of Record (via Electronic Mail)